KLESTADT & WINTERS, LLP
Tracy L. Klestadt (TK-3591)
Sean C. Southard (SS-2825)
Proposed Attorneys for Piquant LLC, d/b/a Air America Radio
Debtor and Debtor in Possession
292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone No. (212) 972-3000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Piquant LLC, d/b/a Air America Radio | : | Case No. 06-_____ |
| | : | |
| Debtor. | : | |

**AFFIDAVIT OF DISINTERESTEDNESS IN SUPPORT OF MOTION
TO EMPLOY KLESTADT & WINTERS, LLP
AS ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION**

STATE OF NEW YORK    )
                                            ) SS.:
COUNTY OF NEW YORK  )

TRACY L. KLESTADT, being duly sworn, deposes and says:

1. I am an attorney at law, duly admitted to practice in the State of New York, as well as before the United States District Courts for the Southern and Eastern Districts of New York. I am a partner of the law firm known as Klestadt & Winters, LLP ("K&W"). K&W maintains an office for the practice of law at 292 Madison Avenue, 17th Floor, New York, New York 10017.

2. Insofar as I have been able to ascertain, K&W does not have any connection with Piquant LLC, d/b/a Air America Radio, the debtor and debtor in possession herein (the "Debtor"), its creditors, landlords, professionals or any other party

in interest herein, or their respective attorneys or professionals, except as disclosed herein.

   3.  To the best of my knowledge, after due inquiry, K&W:

   (a)  is not a creditor (including by reason of unpaid fees for pre-petition services), an equity security holder or an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code;

   (b)  is not and has not been, within two years before October 13, 2006 (the "Petition Date"), a director, officer, or employee of the Debtor; and

   (c)  does not have an interest materially adverse to the interests of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

Accordingly, I believe K&W is "disinterested", as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

   4.  K&W maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have reviewed such records to determine K&W's connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. In addition, I have reviewed K&W's relationships with potential parties in interest to determine if any of such relationships give rise to an actual or

potential conflict of interest or otherwise affect my disinterestedness.

5. Insofar as I have been able to ascertain:

(a) as more fully set forth below, K&W may have (i) appeared in the past, and may appear in the future, in matters unrelated to this case where the Debtor, creditors or other parties in interest may be involved, and (ii) represented in the past, and may represent in the future, creditors of the debtor and parties in interest in matters unrelated to this chapter 11 case;

(b) since approximately September 5, 2006, K&W has counseled the Debtor with respect to debtors' and creditors' rights issues and substantially all of the aspects of the Debtor's chapter 11 filing.

6. Subject to this Court's approval in accordance with section 330(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), all compensation will be payable to K&W's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred. I have a current standard hourly rate of $475, my partner Ian R. Winters' billing rate is $395 per hour, my partners John Jureller and Sean Southard are billed at $375 and $325 per hour, respectively, our associate Stacy Bush is billed at a rate of $300 per hour, and our associate Brendan Scott's billing rate is $225 per hour. Our first-year associates Sarah E. Megna and Suzanne C. Furst, who are currently not admitted to the New York State Bar but will seek admission pending the results of the July 2006 Bar Exam, are billed at the rates $175 and $150 per hour, respectively, and our paralegal's services are billed at $125 per hour. The hourly rates are subject to periodic adjustments to reflect economic and other conditions and will be increased on January 1, 2007.

7. The hourly rates set forth above are standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate K&W for its work, the work of its associates and its paralegal, and any other professionals it may utilize and to cover fixed and routine overhead expenses. K&W's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court. K&W believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spreading the expenses among all clients.

8. This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). K&W intends to apply to this Court for compensation for professional services rendered in connection with this case. During its pre-petition representation of the Debtor, K&W received total retainer payments on behalf of the Debtor in the amount of $196,431.06 ("Retainer"). Approximately $130,000 was billed and/or incurred by K&W against the Retainer for prepetition services rendered to the Debtor.

9. $1,039 of the Retainer was reserved and utilized for the chapter 11 filing fees for the Debtor. As such, approximately $65,000 of the Retainer is remaining as of the Petition Date. K&W has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy

Code.  K&W does not have an agreement with any other entity to share with such entity any compensation K&W receives.

        10.     Insofar as I have been able to ascertain, K&W does not represent any interest adverse to the Debtor or its estate in the matters for which K&W is to be engaged.  Except as may be stated above, I believe that K&W is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

                                                                  /s/ Tracy L. Klestadt
                                                                   Tracy L. Klestadt

Sworn to before me this
13th day of October, 2006

/s/ John E. Jureller, Jr.
Notary Public